# UNITED STATES DISTRICT COURT
## District of Kansas
(Topeka Docket)

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                        **CASE NO.** 21-40105-01/02-TC

**MONTRESSA CUNNINGHAM,**
  also known as "Monty Cunningham,"
and
**FELICIA CUNNINGHAM,**

        **Defendants.**

# SEALED INDICTMENT

**THE GRAND JURY CHARGES**:

At all times relevant to this Indictment:

**Background**

1. The defendants, MONTRESSA CUNNINGHAM, also known as "Monty Cunningham," and FELICIA CUNNINGHAM, engaged in a scheme to defraud vehicle dealerships, financial institutions, and title loan companies in Kansas, and elsewhere, by submitting false and fraudulent loan documents for the purpose of obtaining financing for vehicle purchases, cash title loans, and cash proceeds from the sale of the vehicles.

2. The defendants, husband and wife, were residents of Kansas and Georgia.

3. Each of the following was a financial institution as that term was defined in Title 18, United States Code, Section 20(1), since it was an insured depository under the Federal Deposit Insurance Act, Title 12, United States Code, Section 1813(c)(2):

- A. Intrust Bank, headquarters in Wichita, Kansas
- B. Wells Fargo Auto, headquarters in San Francisco, California
- C. Credit Union of America, headquarters in Wichita, Kansas
- D. Great Plains Credit Union, headquarters in Joplin, Missouri
- E. Mechanics Bank, headquarters in Richmond, California
- F. Ally Financial, headquarters in Detroit, Michigan.

4. Loan Max Title Loan, located in Olathe, Kansas, and Loan Smart Title Loan, located in Topeka, Kansas are businesses that offer short-term cash loans using a clear vehicle title as credit for the loan. Loan Max Title Loan and Loan Smart Title Loan are operated by Select Management Recourses, which is headquartered in Alpharetta, Georgia. Loan applications are processed via the internet through a server in Alpharetta, Georgia.

5. Each of the following was a financial institution as that term was defined in Title 31, United States Code, Section 5312:

- A. Carmax;
- B. Jim Ellis Volkswagen;
- C. Missouri Title Loan;
- D. Loan Max Title Loan;
- E. Loan Smart Title Loan; and
- F. Check Into Cash Title Loan.

**The Scheme**

6. Beginning on or about December 3, 2018, and continuing to on or about February 3, 2020, the defendants MONTRESSA CUNNINGHAM, also known as "Monty Cunningham," and FELICIA CUNNINGHAM devised a scheme and artifice to

defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, with the intent to defraud vehicle dealerships, financial institutions and title loan business.

7. It was part of the scheme that beginning on or about December 3, 2018, the defendants applied for loans to purchase seven vehicles through dealerships located in the District of Kansas, using a combination of false and fraudulent information, including social security numbers issued to other persons, false residential addresses, and false employment information including: counterfeit pay stubs, monthly income, place of employment, and length of employment. The loans were processed through and financed by financial institutions.

8. It was part of the scheme that for some of the vehicle purchases, the defendants utilized email communications and online applications.

9. It was part of the scheme that once the defendants' loan application was approved by the financial institution, a lien was recorded on the title document and the title document was provided to the defendants. Subsequently, the defendants altered the title documents to physically erase the lien and other information from the title, including the name(s) of the purchasers and the address.

10. It was part of the scheme that the defendants used the altered title documents to register the vehicle in either Kansas or Georgia. The registering State then issued the defendants a clear title. Kansas law and Kansas Department of Motor Vehicles only permits one security interest (lien) on a vehicle at a time.

11. It was a further part of the scheme that the defendants either sold the vehicles for cash or used the clear title as collateral to cash loans. The defendants used false information, including employment information and social security numbers, to apply for the title loans. Additionally, the defendants falsely claimed to have full legal title to the vehicles and that the vehicles were clear of any other liens, security interests or other claims. Once the title loan company approved the loan based on the information provided by the defendants, the title loan company recorded their lien the vehicle's previously clear title.

12. As a result of the scheme, the defendants caused an approximate loss to the financial institutions of $264,450.91. As a further result of the scheme, the defendants caused title loan companies and individuals who purchased the vehicles to pay the defendants approximately $85,010.00 in cash.

## COUNT 1

**CONSPIRACY TO COMMIT BANK FRAUD AND WIRE FRAUD**
**[18 U.S.C. § 1349]**

13. Paragraphs 1 through 12 are incorporated herein by reference as through fully restated.

14. Beginning on or about December 3, 2018, and continuing to on or about February 3, 2020, in the District of Kansas and elsewhere, the defendants,

**MONTRESSA CUNNINGHAM,**
**also known as "Monty Cunningham,"**
**and**
**FELICIA CUNNINGHAM,**

knowingly and willfully combined, conspired, confederated, and agreed to: (a) execute and attempt to execute a scheme and artifice to defraud financial institutions, and to obtain moneys, funds, and other property owned by, and under the custody control of the financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344; and (b) devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, in violation to Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Section 1349.

## COUNTS 2-8

### BANK FRAUD
### [18 U.S.C. § 1344]

15. Paragraphs 1 through 12 are incorporated herein by reference as though fully restated.

16. On or about the dates set forth below, in the District of Kansas and elsewhere, the defendants,

**MONTRESSA CUNNINGHAM,**
**also known as "Monty Cunningham,"**
**and**
**FELICIA CUNNINGHAM,**

did knowingly and intentionally execute and attempt to execute the above-described scheme and artifice to defraud the financial institutions listed below, and to obtain moneys, funds, or other property owned by, or under the control and custody of the financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, as described below:

| Count | On or about date | Financial Institution and Fraudulent Transaction |
|---|---|---|
| 2 | 12/3/2018 | Loan from Intrust Bank for $28,148.95 for purchase of 2013 Mercedes |
| 3 | 1/3/2019 | Loan from Wells Fargo Auto for $44,963.75 for purchase of 2015 Maserati |
| 4 | 1/26/2019 | Loan from Credit Union of America for $32,395.88 for purchase of 2016 Lexus |
| 5 | 5/2/2019 | Loan from Great Plains Credit Union for $53,917.62 for purchase of 2014 Land Rover |
| 6 | 11/30/2019 | Loan from Mechanics Bank for $28,601.50 for purchase of 2012 BMW |
| 7 | 12/13/2019 | Loan from Ally Financial for $36,169.20 for purchase of 2014 Mercedes |
| 8 | 12/17/2019 | Loan from Ally Financial for $40,254.01 for purchase of 2015 Land Rover |

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNTS 9-11

### WIRE FRAUD
### [18 U.S.C. § 1343]

17. Paragraphs 1 through 12 are incorporated herein by reference as though fully restated.

18. On or about the dates set forth below, in the District of Kansas and elsewhere, the defendants,

**MONTRESSA CUNNINGHAM,**
also known as "Monty Cunningham,"

**and
FELICIA CUNNINGHAM,**

knowingly and intentionally devised the above-described scheme and artifice to defraud vehicle dealerships, financial institutions and title loan companies, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, signs, signals, pictures, and sounds, as described below:

| Count | On or about date | Wire Transmission |
|---|---|---|
| 9 | 4/9/2019-5/3/2109 | Wire communication for purchase of 2014 Land Rover from Yahoo.com email account with a server in California to KC Motor Company located in Overland Park, Kansas. |
| 10 | 11/20/2019 | Title loan application at Loan Max Title Loan in Olathe, Kansas transferred via internet to server in Alpharetta Georgia. |
| 11 | 2/3/2020 | Title loan application at Loan Smart Title Loan in Topeka, Kansas transferred via internet to server in Alpharetta, Georgia. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 12-17

**MONEY LAUNDERING
[18 U.S.C. § 1956(a)(1)(B)(i)]**

19. Paragraphs 1 through 12 are incorporated herein by reference as though fully restated.

20. On or about the dates set forth below, in the District of Kansas and elsewhere, the defendants,

**MONTRESSA CUNNINGHAM,**
also known as "Monty Cunningham,"

**and**
**FELICIA CUNNINGHAM,**

did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is bank fraud as charged in Counts 2 through 8, knowing that the transaction described below was designed in whole and in part to conceal and disguise, the nature, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction, defendants knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, as follows:

| Count | On or about date | Financial Transaction |
|---|---|---|
| 12 | 5/6/2019 | Sold and transferred title of 2016 Lexus for $20,000.00 cash to Carmax |
| 13 | 3/22/2019 | Sold and transferred title of 2015 Maserati for $25,462.00 cash to Jim Ellis Volkswagen |
| 14 | 1/22/2020 | Transferred title for 2014 Mercedes as collateral to Missouri Title Loans for $10,000.00 cash loan |
| 15 | 11/20/2019 | Transferred title for 2014 Land Rover as collateral to Loan Max Title Loan for $11,560.00 cash loan |
| 16 | 2/3/2020 | Transferred title for 2015 Land Rover as collateral to Loan Smart Title Loan for $7,488.00 cash loan |
| 17 | 2/4/2020 | Transferred title for 2012 BMW as collateral to Check Into Cash for $10,500.00 cash. |

In violation of Title 18, United States Code Sections 1956(a)(1)(B)(i), and Title 18, United States Code, Section 2.

## FORFEITURE NOTICE

21. The allegations contained in paragraphs 1 through 11 and Counts 1 through 18 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981 and 982, and Title 28, United States Code 2461.

### Bank Fraud Violations:

22. Upon conviction of one or more of the offenses set forth in Counts 1 through 8 of this Indictment, the defendants shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting or derived from proceeds the person obtained, directly or indirectly as a result of such violation. The property to be forfeited includes, but is not limited to, the following:

    A. Money Judgment:

        A forfeiture money judgment against each defendant in an amount equal to the gross proceeds obtained by that defendant from the commission of Counts 1 through 8;

    B. Motor vehicles:

        1. 2013 Mercedes; VIN 4JGDA5JB6DA147818
        2. 2014 Land Rover, VIN SALGS2TF5EA194913;
        3. 2012 BMW, VIN WBALZ5C56CC619600;
        4. 2014 Mercedes, VIN WDDHF8JB4EA904537; and
        5. 2015 Land Rover, VIN SALGS2TF9FA242902.

### Wire Fraud Violations

23. Upon conviction of one or more of the offenses set forth in Counts 9 through 11 of this Indictment, the defendants shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

    A. Money Judgment:

        A forfeiture money judgment against each defendant in an amount equal to the gross proceeds obtained by that defendant from the commission of Counts 9 through 13; and

    B. 2014 Land Rover vehicle, VIN SALGS2TF5EA194913.

## Money Laundering Violations:

26. Upon conviction of one or more of the offenses set forth in Counts 12 through 17, the defendants shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses or any property traceable to such property, including but not limited to, the following:

    A. Money Judgment:

        A forfeiture money judgment against each defendant in an amount equal to the value of the property involved in Counts 13 through 18;

    B. Motor vehicles:

        1. 2016 Lexus, VIN JTHBK1GG4G224817;
        2. 2015 Maserati, VIN ZAM57RTA9F1145417;
        3. 2014 Mercedes, VIN WDDHF8JB4EA904537;
        4. 2014 Land Rover, VIN SALGS2TF5EA194913;
        5. 2015 Land Rover, VIN SALGS2TF9FA242902; and
        6. 2012 BMW, VIN WBALZ5C56CC619600.

## Substitute Assets

27. If any of the property described above as a result of any act or omission

of the defendants:

    A. cannot be located upon the exercise of due diligence;

    B. has been transferred or sold to, or deposited with, a third party;

    C. has been placed beyond the jurisdiction of the court;

    D. has been substantially diminished in value; or

    E. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                                        A TRUE BILL.

December 8, 2021                          s/Foreperson
DATE                                            FOREPERSON OF THE GRAND JURY

DUSTON J. SLINKARD
ACTING UNITED STATES ATTORNEY

By: /s/ Sara L. Walton
Sara L. Walton
Assistant United States Attorney
District of Kansas
444 Quincy St., Suite 290
Topeka, Kansas  66683
Ph: (785) 295-2850
Fax: (785) 295-2853
Email:sara.walton@usdoj.gov
Ks. S. Ct. No. 24106

> IT IS REQUESTED THAT THE TRIAL BE HELD IN TOPEKA, KANSAS

## PENALTIES

### Count 1: Conspiracy to Commit Bank Fraud
### Counts 2-8: Bank Fraud

- Punishable by a term of imprisonment of not more than thirty (30) years. 18. U.S.C. §§ 1349 and 1344.

- A term of supervised release of not more than five (5) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $1,000,000. 18 U.S.C. § 1344.

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Restitution.

- Forfeiture.

### Count 1: Conspiracy to Commit Wire Fraud
### Counts 9-11: Wire Fraud

- Punishable by a term of imprisonment of not more than twenty (20) years. 18. U.S.C. §§ 1349 and 1343.

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Restitution.

- Forfeiture.

### Counts 12-17: Money Laundering

- Punishable by a term of imprisonment of not more than twenty (20) years. 18. U.S.C. § 1956(a)(1).

- A term of supervised release of not more than three (3) years.  18 U.S.C. §

3583(b)(2).

- A fine not to exceed $500,000 or twice the value of the property involved in the transaction, whichever is greater. 18 U.S.C. § 1956(a)(1).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Restitution.

- Forfeiture.